O

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       LAREDO DIVISION
```

| | |
|---|---|
| JULIA SCOGIN, *et. al.*, § | |
| § | |
| Plaintiffs, § | |
| vs. § | Civil Action No. L-12-20 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

### MEMORANDUM AND ORDER

Pending before the Court is the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 39.)

Plaintiffs Julia Scogin, Ryan Michael Scogin and Michael Dylan Scogin filed suit against the United States of America on February 17, 2012, bringing a negligence claim under the Federal Tort Claims Act ("FTCA"). (Dkt. 1.) On May 15, 2012, the Government filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt. 4.) The Government asserts that this Court lacks subject-matter jurisdiction because the Plaintiffs failed to timely file their administrative claim with the appropriate federal agency as required by the limitations provision of the FTCA. (Dkt. 4 at 10.); 28 U.S.C. § 2401(b).

On June 15, 2012, the Plaintiffs responded, arguing that their administrative claim should be deemed constructively filed because the Government allegedly misinformed counsel about where

to file and delayed transferring the claim to the appropriate agency in violation of federal regulations.

I. <u>FACTS</u>

On December 31, 2008, Plaintiffs were in a car accident involving a Border Patrol agent who was driving a vehicle owned by the United States Department of Homeland Security ("DHS"). (Dkt. 4 at 1.) Almost two years later on December 29, 2010, Plaintiffs' counsel mailed their administrative claims to the Transportation Security Administration's ("TSA") Claims Management Office. (Dkt. 6 at 2.) TSA received Plaintiffs' administrative claims on December 30, 2010. (Dkt. 4 at 7.)

According to Plaintiffs, their counsel sent the claims to TSA after his assistant called a DHS employee to ask for the proper mailing address for claims involving Border Patrol. This employee, "James," mistakenly gave her the address of the TSA claims office. (Dkt. 6-1.) TSA transferred the claims to Customs and Border Protection ("CBP") on August 10, 2011. CBP received the claims on August 22, 2011 and promptly denied the claims a week later on August 29, 2011. (Dkt. 6 at 2.) On February 17, 2012, Plaintiffs filed their FTCA tort claim against the United States. (Dkt. 1.)

II.  **STANDARD OF REVIEW**

As a preliminary matter, the Court finds it necessary to address whether its subject-matter jurisdiction is even implicated here. If the FTCA limitations provision is not jurisdictional, then a 12(b)(1) motion is improper, and the Government must first answer Plaintiffs' complaint.

The Government challenges Plaintiffs' compliance with two separate provisions of the FTCA: 1) the jurisdictional prerequisite that a plaintiff must first exhaust his administrative remedies before filing suit[1] and 2) the requirement that any administrative claim must be received by the appropriate agency within two years after the plaintiff's claim accrues. See 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b). There is no question that Plaintiffs exhausted their administrative remedies once Border Patrol processed and denied their claims.[2] The issue is whether the appropriate agency received the claim within the FTCA's two-year limitations period.

The Government's asserts that this limitations period is jurisdictional. Although that conclusion is not entirely free of

---

[1] A long line of cases have interpreted the exhaustion of administrative remedies provision to be a jurisdictional prerequisite to an FTCA claim. E.g., Dickerson ex rel. Dickerson v. United States, 280 F.3d 470, 475 (5th Cir. 2002).

[2] Border Patrol did not give the expiration of the limitations period as a reason for its denial. (Gov't Ex. G, Dkt. 4-8.)


doubt,[3] the most recent Fifth Circuit jurisprudence is in agreement,[4] and Plaintiffs have not made any argument why it should instead be considered a "claims-processing rule."[5]

Accordingly, the Court holds that the FTCA limitations period is jurisdictional, and a 12(b)(1) motion is appropriate. In considering such a motion, the burden of proof is on the party asserting jurisdiction—here, Plaintiffs—and the Court is empowered to consider disputed facts without "presumptive truthfulness attaching to plaintiff's allegations." Ramming v. U.S., 281 F.3d 158 (5th Cir. 2001); Williamson v. Tucker, 645 F.2d 404, (5th Cir. 1981).

---

[3] Although recent Fifth Circuit cases have declared the FTCA limitations period jurisdictional, e.g., In re FEMA Trailer Formaldehyde Products Liability Litigation, 646 F.3d 185, 189 (5th Cir. 2011), they rely on precedent that was seemingly abrogated by Perez v. United States, 167 F.3d 913, 915-17 (5th Cir. 1999) (holding that equitable tolling is allowed under the FTCA since the limitations provision is not jurisdictional). "When two holdings or lines of precedent conflict, the earlier holding or line of precedent controls," Sw. Bell Tel. Co. v. City of El Paso, 243 F.3d 936, 940 (5th Cir. 2001). Since Perez has not been expressly overruled or called into doubt, it is arguably the controlling precedent on the issue of whether the FTCA limitations provision is jurisdictional. On the other hand, the Fifth Circuit has yet to analyze this FTCA provision under the Supreme Court's most recent formulation of the inquiry into whether a statutory limitations provision is jurisdictional (versus a mere "claims-processing rule" that promotes "the orderly process of litigation"). Henderson ex rel. Henderson v. Shinseki, 131 S.Ct. 1197, 1202-03 (2011) (holding that the 120-day deadline for appellate review of Veterans Court decisions is not jurisdictional). Under Henderson, courts look to see if Congress clearly indicated that it wanted the rule to be jurisdictional. Id. at 1203.

[4] E.g., In Re FEMA, 646 F.3d at 189; Ramming v. United States, 281 F.3d 158, 165 (5th Cir. 2001).

[5] If the FTCA limitations provision is a claims processing rule, noncompliance does not affect the court's subject-matter jurisdiction, and the provision is potentially subject to equitable tolling. See Henderson, 131 S.Ct. at 1202-03.

III.   DISCUSSION

The parties' filings focus on the application of the "constructive filing" doctrine. (Dkt. 4); (Dkt. 6.) This doctrine assumes that a plaintiff's administrative claim was "presented" to the wrong federal entity. See Bukala v. United States, 854 F.2d 201, 202-04 (7th Cir. 1988). However, because the Court finds that Plaintiffs timely presented their claim with the "appropriate Federal agency," 28 U.S.C. § 2401(b), it is unnecessary to inquire into whether the claim was constructively filed.

As noted above, the FTCA requires a plaintiff to present her claim "to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The FTCA defines the term "Federal agency" more broadly than its ordinary meaning would suggest, including within its scope "the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States." 28 U.S.C. § 2671. Federal regulations have clarified that the "appropriate" Federal agency is the one "whose activities gave rise to the claim." See 28 C.F.R. 14.2(b)(1).

In the Court's view, the issue of whether Plaintiffs complied with the FTCA's limitations provision turns on the

scope of the term "Federal agency" as applied to the particular facts of the case. If DHS is the appropriate agency, then presenting the claim to TSA rather than CBP is irrelevant since both CBP and TSA are components under the authority of DHS.[6] It is clear that DHS, as an executive department, falls within the FTCA's definition of "Federal agency." See Stenberg v. Carhart, 120 S. Ct. 2597, 2615 (2000) ("When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning.").

On the facts of this case, the Court finds that DHS activities "gave rise to the claim," and thus DHS qualifies as the "appropriate Federal agency." 28 C.F.R. 14.2(b)(1); 28 U.S.C. § 2401(b). Although a Border Patrol officer was driving the vehicle involved in the car accident, it is undisputed that DHS is the owner of the vehicle. (Dkt. 4 at 1.) CBP is managed as a component of DHS, and the FTCA regulations contemplate that "more than one Federal agency is or may be involved." 28 C.F.R. §14.2(b)(2). Thus, the fact that CBP may arguably also qualify as the "appropriate Federal agency" does not necessarily exclude DHS from qualifying as well.[7]

---

[6] See U.S. Dep't of Homeland Security, Organizational Chart (April 1, 2012), available at http://www.dhs.gov/xlibrary/assets/dhs-orgchart.pdf, for an organizational chart.

[7] The cases applying the constructive filing doctrine also support the Court's factual finding of the "appropriate Federal agency." An underlying assumption in those cases is that the claim was delivered to the wrong agency. See, e.g., Bukala v. United States, 854 F.2d 201, 204 (7th Cir. 1988). In all

If DHS is the appropriate federal agency, the propriety of filing the instant claim with TSA is easily resolved. As long as the claim was presented to some office or entity of DHS by the statutory deadline, the claim has been presented to the "appropriate Federal agency." Here, the claim was presented to TSA, a component of DHS, and thus Plaintiffs have satisfied the FTCA limitations provision.

IV.  CONCLUSION

The Court holds that Plaintiffs' presented their administrative claims to the appropriate Federal agency within the FTCA's two-year statute of limitations. Accordingly, the Court DENIES the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction. The matter is hereby REFERRED to Magistrate Judge J. Scott Hacker for handling of pretrial matters. Because of the amount of time that has already elapsed in this case, the Court exhorts the Magistrate Judge to set reasonably prompt deadlines.

---

instances the Court came across, the wrong agency was either an independent agency unrelated to the "appropriate" agency or an agency residing within an entirely separate executive department. See, e.g., Hart v. Department of Labor ex rel. United States, 116 F.3d 1338, 1340 (10th Cir. 1997) (DOJ and DOL); Greene v. United States, 872 F.2d 236, 236 (8th Cir. 1989) (GSA and DOL); Bukala, 854 F.2d at 202 (Veterans Administration and EEOC); Cronauer v. United States, 394 F. Supp. 2d 93, 95 (D.D.C. 2005) (GSA and DOJ); Oquendo-Ayala v. United States, 30 F. Supp. 2d 193, 194 (D.P.R. 1998) (DEA and US Attorney's Office); Johnson v. United States, 906 F. Supp. 1100, 1103 (S.D.W.Va. 1995) (US Attorney's Office and USDA); Lotrionte v. United States, 560 F. Supp. 41, 43 (S.D.N.Y. 1983) (Public Health Service and Veterans Administration); Thomas v. United States, No. Civ.A. 04-0114, 2005 WL 757268, at *1-*2 (E.D.La. Mar. 31, 2005) (Veterans Administration and Secret Service).

DONE at Laredo, Texas, this 30th day of January, 2013.

_____
George P. Kazen
Senior United States District Judge